IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AKENSHAI TOWNS<br>889 St. Nicholas Ave., Apt. 410<br>New York, NY 10032,<br>    Plaintiff,<br><br>  v.<br><br>TL TRANSPORTATION, LLC,<br>127 Lubrano Drive, Suite 202<br>Annapolis, MD 21401,<br><br>and<br><br>SHIRLEY WASHINGTON,<br>127 Lubrano Drive, Suite 202<br>Annapolis, MD, 21401<br><br>and<br>AMAZON LOGISTICS, INC.,<br>410 Terry Avenue North<br>Seattle, WA 98109,<br>    Defendants. | Civil Action No. 2:20-cv-02137<br><br>**NOTICE OF REMOVAL** |

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Amazon Logistics, Inc. ("Defendant Amazon"), by and through its attorneys, Morgan, Lewis & Bockius LLP, and Defendants TL Transportation, LLC and Shirley Washington (collectively with Amazon, "Defendants"), by and through their attorneys, Ford Harrison LLP, hereby remove this action to the United States District Court for the Eastern District of Pennsylvania from the Court of Common Pleas of Philadelphia County. The grounds for removal are as follows:

## PROCEDURAL BACKGROUND

1. Plaintiff Akenshai Towns ("Plaintiff") filed a Complaint against Defendants in the Court of Common Pleas of Philadelphia County, Pennsylvania, Docket No. 191103263, on April 10, 2020.  A true and correct copy of the Complaint is attached hereto as Exhibit A.

2. Defendant Amazon was served with the Complaint on April 13, 2020 via the Court of Common Pleas of Philadelphia County e-Filing system.  A true and correct copy of the Notice of e-Filing is attached hereto as Exhibit B.  Defendants TL Transportation LLC and Shirley Washington were served with the Complaint on April 17, 2020.  No defendant has filed a responsive pleading.  As such, the removal of this action is timely under 28 U.S.C. § 1446(B)(1) because this Notice of Removal is being filed within thirty (30) days after April 13, 2020 and April 17, 2020, respectively.

## GROUNDS FOR REMOVAL

3. Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

4. Federal district courts have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.  *See* 28 U.S.C. § 1332.

**Amount in Controversy**

5. In the Complaint, Plaintiff seeks "damages in excess of Fifty Thousand ($50,000.00) Dollars, plus any interest, costs of litigation, punitive damages, and any other

damages recoverable by law." *See* Ex. A, Complaint at Wherefore paragraph.

6. Plaintiff seeks <u>at least</u> $50,000 in damages, plus an additional, unspecified amount in punitive damages. Thus, he cannot show to a legal certainty that his alleged damages amount to less than $75,000. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (holding where a plaintiff has not specifically averred in the complaint that the amount in controversy is less than the jurisdictional minimum, the case is to be remanded only if "it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount"). "[A] request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *West Chester Univ. Found. v. Metlife Ins. Co. of Connecticut*, No. 15-cv-3627, 2016 WL 492438, at *3 (E.D. Pa. Feb. 9, 2016) (quoting *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004) (Alito, J.) (abrogated on other grounds)).

7. Based on the allegations of the Complaint, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of seventy-five thousand dollars ($75,000.00).

**Diversity of Citizenship**

8. Plaintiff is a citizen of either New York or Pennsylvania. *See* Ex. A, Complaint at ¶ 1-2.

9. Under 28 U.S.C. § 1332(c)(1), a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

10. Because Defendant Amazon is incorporated under the laws of Delaware and has its principal place of business in Washington, it is a citizen of the states of Delaware and

Washington.

11. "[A] limited liability company, as an unincorporated business entity, should be treated as a partnership for purposes of establishing citizenship[,]" and "the citizenship of an LLC is determined by the citizenship of each of its members." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

12. Because Defendant TL Transportation, LLC's members are all citizens of Maryland, Defendant TL Transportation, LLC is a citizen of the state of Maryland.

13. Defendant Shirley Washington is a citizen of the State of Maryland. *See* Ex. A, Complaint at ¶ 5.

14. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendants. *See* 28 U.S.C. § 1442(b)(2).

## ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

15. Venue is proper in this Court under 28 U.S.C. § 1391 and 1441(a) because the United States District Court for the Eastern District of Pennsylvania is the federal judicial district and division embracing the Court of Common Pleas of Philadelphia County, Pennsylvania, where Plaintiff originally filed this action, and a substantial part of the alleged events giving rise to Plaintiff's claims are alleged to have occurred in this judicial district. *See generally* Ex. A, Complaint.

16. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the Court of Common Pleas of Philadelphia County, Pennsylvania, where the suit has been pending.

17. WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants

hereby remove this action to the United States District Court for the Eastern District of Pennsylvania and respectfully requests that the Court of Common Pleas of Philadelphia County, Pennsylvania proceed no further with respect to this case in accordance with 28 U.S.C. § 1446.

Dated: May 4, 2020

          MORGAN, LEWIS & BOCKIUS LLP

          By: */s/ James P. Walsh*
              James P. Walsh
              502 Carnegie Center
              Princeton, NJ  08540
              Tel: 609.919.6600
              Fax: 609.919.6701
              Email: james.walsh@morganlewis.com

              Shane C. O'Halloran
              1701 Market Street
              Philadelphia, PA 19103
              Tel: 215.963.5000
              Fax: 215.963.50001
              Email: shane.ohalloran@morganlewis.com

              *Counsel for Defendant Amazon Logistics, Inc.*

          FORD & HARRISON LLP

          By: */s/ Mark A. Saloman*
              Mark A. Saloman
              300 Connell Drive, Suite 4100
              Berkeley Heights, New Jersey 07922
              Tel: 973.646.7300
              Fax: 973.646.7301
              Email: msaloman@fordharrison.com

              *Counsel for Defendants TL Transportation, LLC and Shirley Washington*