# Exhibit A

<table>
<tr><td colspan="2"><strong>NOTICE TO PLEAD</strong></td></tr>
<tr><td colspan="2"><strong>To: All Defendants</strong></td></tr>
<tr><td colspan="2">You are hereby notified to file a written response to the enclosed Complaint within twenty (20) days from the date of service hereof or a judgement may be entered against you.</td></tr>
</table>

Filed and Attested by the<br>
Office of Judicial Records<br>
10 APR 2020 02:32 pm<br>
A. SILIGRINI

_____
**Attorney for Plaintiff**

**THIS IS NOT AN ARBITRATION AS AN ASSESSMENT OF DAMAGES HEARING IS REQUIRED**

| | |
|---|---|
| **DEREK SMITH LAW GROUP, PLLC** | COUNSEL FOR PLAINTIFF |
| BY: CHARLES M. SCOTT, ESQ. | |
| ATTORNEY I.D. No.: 326926 | |
| 1835 MARKET STREET, SUITE 2950 | |
| PHILADELPHIA, PA 19103 | |
| T: 215-391-4790 / Fax: 215-893-5288 | |

| | | |
|---|---|---|
| **AKENSHAI TOWNS** | : | **COURT OF COMMON PLEAS** |
| 889 St. Nicholas Ave., Apt. 410 | : | **PHILADELPHIA COUNTY** |
| New York, NY 10032 | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| v. | : | |
| | : | |
| **TL TRANPORTATION, LLC** | : | CASE NO. 191103263 |
| 127 Lubrano Drive, Suite 202 | : | |
| Annapolis, MD 21401; | : | |
| | : | |
| AND | : | |
| | : | |
| **SHIRLEY WASHINGTON** | : | |
| 127 Lubrano Drive, Suite 202 | : | |
| Annapolis, MD 21401 | : | |
| | : | |
| AND | : | |
| | : | |
| **AMAZON LOGISTICS, INC.** | : | |
| 410 Terry Avenue North | : | |
| Seattle, WA 98109; | : | |
| | : | Major Jury Trial Demanded |
| Defendants. | : | |

**NOTICE TO DEFEND**

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.

Philadelphia Bar Association Lawyer Referral and Information Service
1101 Market St., 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. Lleve esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.

Asociacion De Licenciados De Filadelfia Servicio De Referencia E Informacion Legal
1101 Market St., 11th Piso
Filadelfia, Pennsylvania 19107
(215) 238-6333

Case ID: 191103263

**DEREK SMITH LAW GROUP, PLLC**                    COUNSEL FOR PLAINTIFF
BY: CHARLES M. SCOTT, ESQ.
ATTORNEY I.D. No.: 326926
1835 MARKET STREET, SUITE 2950
PHILADELPHIA, PA 19103
T: 215-391-4790 / Fax: 215-893-5288

| | | |
|---|---|---|
| **AKENSHAI TOWNS** | : | **COURT OF COMMON PLEAS** |
| 889 St. Nicholas Ave., Apt. 410 | : | **PHILADELPHIA COUNTY** |
| New York, NY 10032 | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| v. | : | |
| | : | |
| **TL TRANPORTATION, LLC** | : | CASE NO. 191103263 |
| 127 Lubrano Drive, Suite 202 | : | |
| Annapolis, MD 21401 | : | |
| | : | |
| AND | : | |
| | : | |
| **SHIRLEY WASHINGTON** | : | |
| 127 Lubrano Drive, Suite 202 | : | |
| Annapolis, MD 21401 | : | |
| | : | |
| AND | : | |
| | : | |
| **AMAZON LOGISTICS, INC.** | : | |
| 410 Terry Avenue North | : | |
| Seattle, WA 98109 | : | |
| | : | Major Jury Trial Demanded |
| Defendants. | : | |

## COMPLAINT – CIVIL ACTION

Plaintiff, AKENSHAI TOWNS, by and through his attorneys, Derek Smith Law Group,

PLLC, hereby files this Civil Complaint against Defendants, TL TRANSPORTATION, LLC,

SHIRLEY WASHINGTON, and AMAZON LOGISTICS, INC., as joint and individual

employers, seeking damages for the wrongful discharge of Plaintiff's employment in violation of

Pennsylvania public policy under *Shick v. Shirey*, 552 Pa. 590 (1998). Upon information and belief,

and in support thereof, Plaintiff alleges as follows:

## I. **PARTIES**

1.      Plaintiff, **AKENSHAI TOWNS**, is an adult individual currently residing in the State of New York at 889 St. Nicholas Ave., Apt. 410, New York, NY 10032

2.      At the time of the events set forth in this Complaint, and at the time this action was commenced by Writ of Summons on November 21, 2019, Plaintiff resided in the Commonwealth of Pennsylvania at 1315 McFerran Street, Philadelphia, PA 19140.

3.      Defendant, **TL TRANSPORTATION, LLC** ("TLT"), is a foreign business entity duly existing under the laws of the State of Maryland and registered to do business in the Commonwealth of Pennsylvania.

4.      Defendant TLT operates its corporate headquarters in Maryland at 127 Lubrano Drive, Suite 202, Annapolis, MD 21401.

5.      Defendant, **SHIRLEY WASHINGTON**, is an adult female individual residing in the State of Maryland with a business address for purposes of service at 127 Lubrano Drive, Suite 202, Annapolis, MD 21401.

6.      At all times material, Defendant WASHINGTON was employed by Defendant TLT as a Human Resources Manager and held supervisory authority over Plaintiff during his employment.

7.      Defendant **AMAZON LOGISTICS, INC.** ("AMAZON") is a foreign business entity duly existing under the laws of the State of Delaware and registered to do business in the Commonwealth of Pennsylvania.

8.      Defendant AMAZON operates its corporate headquarters in the State of Washington at 410 Terry Avenue North, Seattle, WA 98109.

9.      Defendant AMAZON is a subsidiary of Amazon.com, LLC which advertises for

Case ID: 191103263

and provides logistics services for Amazon.com deliveries.

## II. JURISDICTION AND VENUE

10.     This action was commenced by Writ of Summons filed on November 21, 2019 and served on the named Defendants via Certified Mail on January 13, 2020.

11.     Jurisdiction and venue are appropriate before the Philadelphia County Court of Common Pleas as Defendants are registered to do business in Pennsylvania and, in fact, conduct business in Philadelphia County.

12.     All acts and omissions giving rise to this action occurred in Philadelphia County.

## III. DEFENDANTS WERE PLAINTIFF'S JOINT EMPLOYER

13.     At all times material, Defendant TLT and Defendant AMAZON were joint and individual employers of Plaintiff.

14.     Defendant AMAZON runs a program for individuals or existing logistics businesses to partner with Defendant AMAZON to become a Delivery Service Partner ("DSP") to deliver packages from an Amazon-owned delivery station to an Amazon.com customer.

15.     At all times material, Defendant TLT operated as a DSP for Defendant AMAZON.

16.     Defendant AMAZON provides DSPs, including Defendant TLT, with "branded Amazon vans customized for delivery, fuel program, high quality branded uniforms, rugged devices, and business services such as recruiting tool discounts, payroll, tax & accounting software discounts, legal support, and insurance options." (https://logistics.amazon.com/marketing/faq, last visited April 1, 2020).

17.     Defendant AMAZON conducts criminal background checks on potential employees hired by DSPs, including Plaintiff.

3

Case ID: 191103263

18.     DSPs may not hire potential employees without Defendant AMAZON's knowledge and approval.

19.     Defendant AMAZON maintains employment records for the employees of DSPs, including Defendant TLT.

20.     Defendant AMAZON does not require their DSPs to have any logistics experience. In part, because Amazon provides technological and logistical expertise to the DSP.

21.     The principals of DSPs, such as Defendant TLT, are required to undergo three-week hands-on training, including but not limited to education on the Amazon-provided delivery equipment, the daily processes at an Amazon delivery facility, and assist in sorting and loading packages.

22.     Defendant AMAZON provides consistent coaching and support, an operation manual, driver assistance, and a dedicated account manager to each DSP.

23.     DSPs also interact on a daily basis with Defendant AMAZON's account manager, on-road assistance team, and delivery station personnel.

24.     DSPs are given access to Defendant AMAZON's proprietary technology, training resources, videos, and delivery data.

25.     Defendant AMAZON also supplies DSPs, such as Defendant TLT, with business tools to assist with planning, daily operations, routing guidance, and customer service.

26.     Defendant AMAZON also supplies DSPs, such as Defendant TLT, with Amazon-branded uniforms that all employees of a DSP must wear.

27.     Defendant AMAZON requires every DSP driver to use a proprietary, handheld tracking and communication device called a "Rabbit."

Case ID: 191103263

28.     The Rabbit is connected to a database with the addresses of Amazon.com customers, and also functions as a GPS navigation device, package scanner, and mobile telephone.

29.     The Rabbit allows Defendant AMAZON to track and oversee the movements and work progress of every individual DSP delivery driver.

30.     Defendant AMAZON supervises and controls the work activities, work schedules, conditions and management of DSPs, such as Defendant TLT.

31.     Defendant AMAZON sets and controls the delivery routes DSPs must follow to deliver Amazon packages to Amazon customers.

32.     Defendant AMAZON also dictates the hours of delivery in which a DSP may deliver a package.

33.     Defendant AMAZON pays DPSs, including Defendant TLT, pursuant to its standard Delivery Provider Terms of Service.

34.     At all times material, Defendant AMAZON exercised substantial control over Defendant TLT's employee hiring practices; employee work schedules and conditions of employment; rates and method of payment; and employment records of Defendant TLT employees.

35.     Defendant TLT and Defendant AMAZON were Plaintiff's joint employer and shall be referenced jointly hereafter as "Defendants."

36.     The unlawful acts alleged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' businesses or affairs and with the authorization of the Defendants.

Case ID: 191103263

## IV. <u>CHRONOLOGY OF FACTS</u>

37.     Around October 2018, Plaintiff began employment with Defendants as a Dispatcher.

38.     At all times material, Plaintiff's job duties involved coordinating and dispatching delivery drivers from Defendant AMAZON's delivery station located at 4219 Richmond Street, Philadelphia, PA.

39.     Around May 14, 2019, Jeremiah Hymon, a Delivery Associate employed by Defendants, came to Plaintiff in the morning and indicated he could not make deliveries on his assigned routes that day because of an ankle injury.

40.     With Mr. Hymon standing next to him, Plaintiff called his supervisor, Brian Kobb, on speakerphone to explain the situation and get official direction on how to proceed.

41.     On speakerphone, Mr. Kobb told Plaintiff and Mr. Hymon that anyone who couldn't work their scheduled shift would be subject to termination unless there was documentation excusing the absence.

42.     Mr. Hyman became increasingly and visibly angry during the conversation as it was explained he would potentially be subject to termination if he could not work that day.

43.     On speakerphone, Plaintiff's supervisor then asked Plaintiff if Mr. Hymon had produced any documentation to him about the injury.

44.     When Plaintiff replied "no," Mr. Hymon launched into a rage and started slamming his fists on the desk and yelling.

45.     When Plaintiff tried to deescalate the situation, Mr. Hymon physically attacked Plaintiff; throwing him into a shelf and onto the ground – all while Plaintiff's supervisor was still on speakerphone.

Case ID: 191103263

46.     After Plaintiff wrestled free from Mr. Hymon, Plaintiff immediately called 911 and asked for police to respond.

47.     During the assault, another employee notified on-site security.

48.     Philadelphia Police responded to the assault and prepared an incident report documenting that Plaintiff suffered simple assault at the hands of Jeremiah Hymon.

49.     After calling 911, Plaintiff then immediately informed his supervisor about the attack.

50.     Mr. Hymon was removed from the premises by Defendants' security immediately following the incident and Plaintiff stayed to make a Police report about the incident.

51.     Immediately after speaking with Police, Plaintiff reported to his supervisor that he was injured in the incident and needed medical attention.

52.     Plaintiff's supervisor told him to go the hospital and take the next few days off.

53.     After the incident, Plaintiff immediately went to the hospital to seek medical treatment.

54.     In the following days, Plaintiff attempted multiple times to contact Defendants' Human Resources to inquire about submitting a claim for Workers' Compensation benefits for the injuries he sustained on work-premises on May 14, 2019.

55.     Defendants did not return Plaintiff's calls or otherwise attempt to contact Plaintiff about his injuries or the incident.

56.     Around the end of May 2019, Plaintiff finally made contact with Defendants to discuss his return to work. At that time, Defendants informed Plaintiff they were conducting an investigation into the May 14, 2019 incident and Plaintiff could not return to work until the investigation concluded.

Case ID: 191103263

57.     Plaintiff subsequently obtained counsel to represent him in pursuing Worker's Compensation benefits.

58.     On June 6, 2019, Plaintiff filed a Workers' Compensation Claim Petition seeking benefits from Defendant TLT for the work-related injuries he sustained when he was attacked by Mr. Hymon on May 14, 2019.

59.     Around June 7, 2019, Plaintiff received an envelope post-marked June 6, 2019 containing an undated letter signed by Defendant TLT's Human Resource Director, Defendant WASHINGTON.

60.     Post-marked the same day Plaintiff filed a formal Workers' Compensation Claim Petition against Defendant TLT, the undated letter stated without elaboration that Plaintiff's employment was terminated effective May 25, 2019.

61.     Defendants' internal investigation of the May 14, 2019 incident ultimately concluded that Plaintiff was not the instigator of the altercation with Mr. Hymon.

## COUNT ONE

**Wrongful Discharge In
Violation Of Public Policy Under
*Shick v. Shirey,* 552 Pa. 590 (1998)**

***Plaintiff v. All Defendants***

62.     Plaintiff incorporates the foregoing paragraphs as though set forth at length herein.

63.     In *Shick v. Shirey*, 552 Pa. 590 (1998), the Pennsylvania Supreme Court expressly held that "a cause of action exists under Pennsylvania law for wrongful discharge of an employee who files a claim for workers' compensation benefits." *Shick,* 552 Pa. at 604.

64.     While employed by the named Defendants, and in the course and scope of his employment, Plaintiff suffered injuries at work that required medical treatment and time out of work.

8

Case ID: 191103263

65.     Plaintiff timely gave Defendants notice of his work-related injury the same day it happened and promptly sought medical attention.

66.     Plaintiff subsequently exercised his rights under the Pennsylvania Worker's Compensation Act by filing a Claim Petition seeking compensation from Defendants for the work-related injuries Plaintiff suffered on May 14, 2019.

67.     Defendants then terminated Plaintiff's employment by letter post-marked the same day Plaintiff filed a Workers' Compensation Claim Petition.

68.     The temporal proximity between Plaintiff's protected activity in seeking workers' compensation benefits and Defendants' action to terminate Plaintiff is unusually suggestive of a retaliatory motive and gives rise to an inference of causation.

69.     Defendants decision to terminate Plaintiff was made in retaliation for Plaintiff exercising his rights under the Pennsylvania Workers' Compensation Act.

70.     Defendants' decision to terminate Plaintiff for exercising his rights under the Pennsylvania Workers' Compensation Act violates Pennsylvania public policy and is an actionable exception to at-will employment under *Shick v. Shirey*, 552 Pa. 590 (1998).

71.     As a direct and proximate result of Defendants' wrongful discharge of Plaintiff in violation of Pennsylvania public policy, Plaintiff has suffered harm and incurred damages including, loss of earnings, loss of wages, out-of-pocket expenses, mental anguish, embarrassment, humiliation, loss of reputation, and other related harms.

**WHEREFORE**, Plaintiff, Akenshai Towns, demands Judgment in his favor and against the named Defendants for damages in excess of Fifty Thousand ($50,000.00) Dollars, plus any interest, costs of litigation, punitive damages, and any other damages recoverable by law.

**<SIGNATURE ON NEXT PAGE>**

9

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

Dated: <u>April 10, 2020</u>                    By: _____

**CHARLES M. SCOTT, ESQ.**
*Counsel for Plaintiff, Akenshai Towns*

10

## <u>CERTIFICATE OF SERVICE</u>

I, Charles M. Scott, Esq., do hereby certify this 10th day of April 2020, that a true and correct copy of the foregoing Complaint was served via electronic filing upon counsel of record for Defendant Amazon Logistics, Inc.

I further certify that a true and correct copy of the foregoing Complaint was served via Certified Mail, Return Receipt Requested, and Regular Mail, upon the following Defendants as follows:

**TL TRANPORTATION, LLC**
127 Lubrano Drive, Suite 202
Annapolis, MD 21401

**SHIRLEY WASHINGTON**
127 Lubrano Drive, Suite 202
Annapolis, MD 21401

**DEREK SMITH LAW GROUP, PLLC**

Dated: <u>April 10, 2020</u>                    By:    _____

**CHARLES M. SCOTT, ESQ.**
*Counsel for Plaintiff, Akenshai Towns*